RECEIVED
IN LAKE CHARLES, LA.

MAY -4 2015

TONY R. MOORE, CLERK
BY_____
DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| MICHAEL ASHFORD, ET AL., | * | CIVIL ACTION NO. 2:14-cv-992 |
| Plaintiffs, | * | |
| v. | * | JUDGE MINALDI |
| AEROFRAME SERVICES, LLC, ET AL., | * | |
| Defendants. | * | MAGISTRATE JUDGE KAY |

*********************************************************************

### MEMORANDUM RULING

Before the court are Michael Ashford's ("Ashford") Objection to the Magistrate Judge's Ruling Denying Motion to Remand [Doc. 48] and Aeroframe Services, LLC's ("Aeroframe") Objection to Magistrate Judge Kay's Ruling Denying Motion to Remand [Doc. 50], to which Aviation Technical Services, Inc. ("ATS") has filed a Response [Doc. 54], to which Ashford and Aeroframe have each filed a Reply [Docs. 55 & 56, respectively]. For the following reasons, the Memorandum Ruling [Doc. 45] is **AFFIRMED, IN PART,** and **REVERSED, IN PART,** with the case remanded to the Magistrate Judge for further proceedings in accordance with this opinion.

### FACTS & PROCEDURAL HISTORY

On October 18, 2013, Ashford filed suit against Aerofame, which was his former employer, and ATS in the 13th Judicial Court for Evangeline Parish, Louisiana.[1] His complaint alleged that ATS intentionally interfered with an agreement between Aeroframe and another

---
[1] Pet. for Damages [Doc. 1-1], at 4.

company, causing Aeroframe to go out of business.[2] As a result of Aeroframe's closure, Ashford was denied wages for his last two weeks of work.[3]

Ashford lists four claims against Aeroframe and ATS.[4] He has one claim against Aeroframe for unpaid wages and penalties in an amount equal to 90-days wages as well as reasonable attorney's fees, costs, and interest.[5] Ashford has three claims against ATS: (1) a claim for negligence under Louisiana Civil Code article 2315; (2) intentional interference with contractual relations; and (3) violations of the Louisiana Unfair Trade Practices Act.[6] For each cause of action against ATS, Ashford claims damages for unpaid work performed and future wages of which he was deprived.[7]

On March 7, 2014, ATS filed a cross-claim against Aeroframe and a third-party demand against Roger Porter, Aeroframe's CEO.[8] It is undisputed that Ashford and Aeroframe are both Louisiana citizens for diversity purposes.[9] ATS is a Washington corporation.[10]

Ashford is represented by Cox, Cox, Filo, Camel, and Wilson, and Somer Brown is his attorney of record.[11] On April 15, 2014, Somer Brown sent an email to the plaintiffs in this matter:

> For those of you who missed the Aeroframe client meeting on Friday, please allow this to serve as an update and a request for you to execute and return the attached waiver.
>
> . . . It is our belief, now confirmed by undisputed testimony from ATS and Roger Porter, that ATS was the cause of Aeroframe's closure and the loss of your employment and benefits.

---

[2] Pet. for Damages [Doc. 1-1] ¶¶ 10-13.
[3] *Id.* ¶ 5.
[4] *Id.* ¶¶ 14-26.
[5] *Id.* ¶¶ 14-15.
[6] *Id.* ¶¶ 16-24.
[7] *Id.*
[8] ATS' Verified Cross-Claim Against Aeroframe and Third Party Demand Against Porter [Doc. 1-1], at 41.
[9] Not. of Removal [Doc. 1], at 4-5.
[10] *Id.*
[11] *See* Certificate of Service [Doc. 1-1], at 183.

>Roger has filed a cross-claim against ATS for his own losses and those of Aeroframe. Aeroframe has retained counsel from Natchitoches who is working cooperatively with us and will not defend against your wage claims. In fact, your entitlement to wages, penalties, and attorney's fees will be stipulated to by Aeroframe.
>
>Roger has approached my partner, Tom Filo, and requested that [he] pursue Roger's individual claim against ATS. Roger has agreed to stipulate in writing that if we represent him, his clients will be paid first out of any monies that he collects. He understands that we will not represent him absent this written agreement.
>
>However, in order for our firm to get involved on behalf of Roger, we need each of our employee-clients to sign the attached conflict waiver. Without this signed document from each of you, we cannot assist Roger in collecting money FOR YOU.[12]

This email was subsequently forwarded to an employee at ATS, and ATS was made aware of the communication.[13] On May 14, 2014, ATS filed a Notice of Removal.[14] Ashford, Aeroframe, and Porter thereafter filed Motions to Remand.[15] On January 30, 2015, the magistrate judge denied the Motions to Remand.[16] Ashford and Aeroframe then appealed that decision to this court.[17] Ashford objects on four grounds: (1) the parties should not and need not be realigned; (2) realignment would place the court in an impossible position; (3) there is no settlement agreement, and it is therefore improper to disregard Aeroframe's citizenship; and (4) even if diversity was not lacking, Ashford's claims do not meet the amount in controversy threshold.[18] Aeroframe objects because neither a compromise nor a settlement exists between Ashford and Aeroframe.[19]

---

[12] E-mail from Somer Brown (Apr. 15, 2014, 10:30 CST) [Doc. 54-1], at 2.
[13]
[14] Not. of Removal [Doc. 1].
[15] See Mot. to Remand [Doc. 2], Mot. to Remand [Doc. 5], and Mot. to Remand [Doc. 3], respectively.
[16] Mem. Ruling [Doc. 45].
[17] See Appeal of Magistrate Judge Decision [Doc. 48], and Appeal of Magistrate Judge Decision [Doc. 50], respectively.
[18] Appeal of Magistrate Judge Decision [Doc. 48], at 2.
[19] Appeal of Magistrate Judge Decision [Doc. 50], at 2.

## LAW & ANALYSIS

### I. Standard of Review

Rule 72(a) dictates that a district judge must review decisions on nondispositive motions by the magistrate judge and "modify or set aside any part of the order that is clearly erroneous or is contrary to law." FED. R. CIV. PRO. 72(a). A finding may be said to be "clearly erroneous" when the reviewing court is "left with the definite and firm conviction that a mistake has been committed." *United States v. Stevens*, 487 F.3d 232, 240 (5th Cir.2007) (citation omitted). Rule 72(b)(3) states that in resolving objections to dispositive motions, the district judge "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." FED. R. CIV. PRO. 72(b)(3).

Although the law is, perhaps, unsettled in this circuit on this point, district courts in this circuit have generally adhered to the view that motions to remand are non-dispositive pretrial matters and have applied the clearly erroneous standard of review pursuant to 28 U.S.C. § 636(b)(1)(A) and Fed.R.Civ.P. 72(a). *See, e.g., Lonkowski v. R.J. Reynolds Tobacco Co.*, No. Civ. A. 96–1192, 1996 WL 888182, at *2–4 (W.D.La. Dec. 10, 1996); *Vaquillas Ranch Co., Ltd. v. Texaco Exploration and Production, Inc.*, 844 F.Supp. 1156, 1162 (S.D.Tex.1994); *Bethay v. Ford Motor Co.*, No. Civ. A. 99–0367, 1999 WL 496488, at *1 (E.D.La. July 13, 1999). The Fifth Circuit has also implicitly sanctioned the authority of a magistrate judge to consider and issue a remand order in a recent decision. Although the authority of the magistrate judge was not challenged, the Fifth Circuit affirmed an order remanding certain actions without objecting to the magistrate judge's actions. *In re 1994 Exxon Chem. Fire*, 558 F.3d 378, 382–83 (5th Cir. 2009). Accordingly, a motion to remand is a non-dispositive matter, and this Court will apply a deferential standard of review.

## II. Federal Jurisdiction

Federal courts are courts of limited jurisdiction. *Hower v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). Therefore, any doubt as to the propriety of removal must be resolved in favor of a remand, and it is the removing defendant's burden to show that removal was proper. *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008); and *Richardson Carbon & Gasoline Co. v. Interenergy Res.*, 99 F.3d 746, 751 (5th Cir. 1996). This case was removed pursuant to the court's diversity jurisdiction under 28 U.S.C. § 1332. District courts have original jurisdiction over civil actions in which the matter in controversy exceeds $75,000, exclusive of interest and costs, and is between the citizens of different states. 28 U.S.C. § 1332. All defendants must consent to removal unless one of three exceptions apply: (1) improperly or fraudulently joined defendants, *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 2003); (2) nominal or formal parties, *Farias v. Bexar Cnty. Bd. of Tr. for Mental Health Mental Retardation Servs.*, 925 F.2d 866, 871 (5th Cir. 1991); and (3) defendants who have not been served by the time of removal, *Jones v. Houston Indep. Sch. Dist.*, 979 F.2d 1004, 1007 (5th Cir. 1992).

### a. Whether Realignment Is Applicable

The Fifth Circuit has remained silent as to whether realignment of the parties is proper in a removal action. Therefore, it cannot be said that a realignment of the parties would be contrary to law per se.

"In ascertaining the proper alignment of parties for jurisdictional purposes, courts have a 'duty' to 'look beyond the pleadings, and arrange the parties according to their sides in the dispute.'" *Griffin v. Lee*, 621 F.3d 380, 388 (5th Cir. 2010) (quoting *City of Indianapolis v. Chase Nat'l Bank of City of N.Y.*, 314 U.S. 63, 69 (1941)). Proper alignment occurs when the parties with the same "ultimate interests" in the outcome of the action are on the same side. *Id.*

(citing *Lowe v. Ingalls Shipbuilding, A Div. of Litton Sys., Inc.*, 723 F.3d 1173, 1178 (5th Cir. 1984)). Such realignment is determined according to "the principal purpose of the suit and the primary and controlling matter in dispute." *Id.* (citation omitted). However, "parties defendant will not be realigned if there remains in the case any issue as to which plaintiff needs some relief against such parties." *Texas Pac. Coal & Oil Co. v. Mayfield*, 152 F.2d 956, 957 (5th Cir. 1946).

In his petition, Ashford alleges that Aeroframe owes him "an amount equal to his unpaid wages for work performed and vacation time that was either purchased or accrued and unused."[20] Ashford also asserts that Aeroframe must pay penalties in an amount equal to ninety days of wages, and reasonably attorney's fees, costs, and interest.[21] In Brown's email to Ashford, she states that "your entitlement to wages, penalties, and attorney's fees will be stipulated to by Aeroframe."[22] This stipulation is not contingent on whether Ashford or any of the other plaintiffs waive the conflict created by the representation of Porter.[23] Regardless of whether a settlement was in fact reached between Porter and Ashford, Aeroframe has agreed to stipulate to all relief requested by Ashford. The decision to look past the pleadings and realign the parties on removal was neither clearly erroneous nor contrary to law in light of the admission that Aeroframe had agreed to stipulate to Ashford's damages.

### b. Whether Consent of Aeroframe Was Required for Removal

Under 28 U.S.C. § 1446(a), removal procedure requires that all defendants join in the removal petition. *Tri-Cities Newspapers, Inc. v. Tri-Cities Printing Pressmen*, 427 F.2d 325, 326-27 (5th Cir. 1970) (citing *Chicago, R.I. & P.R. Co. v. Martin*, 178 U.S. 245 (1900); and *P.P.*

---

[20] Pet. for Damages [Doc. 1-1] ¶ 14.
[21] *Id.* ¶ 15.
[22] E-mail from Somer Brown (Apr. 15, 2014, 10:30 CST) [Doc. 54-1], at 2.
[23] *Id.* at 3. The waiver states that it is "contingent upon Roger Porter's execution of a written agreement with the Law Firm that any monies collected by either himself, individually, or by Aeroframe Services, Inc, will first be allocated to repaying the wage, penalty and attorney's fees claims of those employees represented by the Law Firm." *Id.*

*Farmers' Elevator Co. v. Farmers Elevator Mutual Ins. Co.*, 395 F.2d 546 (7th Cir. 1968)). However, nominal parties are not required to join in the petition for removal. *Id.* at 327 (citations omitted). "The ultimate test of whether the defendants are indispensable parties is whether in the absence of the defendant, the Court can enter a final judgment consistent with equity and good conscience which would not be in any way unfair or inequitable" to the plaintiff. *Id.* (quoting *Stonybrook Tenants Ass'n v. Alpert*, 194 F.Supp. 552, 559 (D.Conn. 1961)).

The magistrate judge concluded that consent was unnecessary because of the stipulation of damages by Aeroframe. The ruling also reasoned that requiring unanimity in this situation would act as a "perpetual talisman against the exercise of federal jurisdiction."[24] This conclusion was neither clearly erroneous nor contrary to law.

### c. Whether the Amount in Controversy Exceeds $75,000

The magistrate judge found that the amount in controversy exceeded $75,000.[25] Louisiana law forbids plaintiffs in state courts from pleading a specific numerical value of damages. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882 (5th Cir. 2000) (citing La. Code Civ. Pro. Art. 893). In a case originally filed in a Louisiana state court and subsequently removed on the basis of diversity jurisdiction, the defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Id.* (citing *Lucket v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999)). A defendant may meet this burden by either: (1) showing that it is facially apparent that the amount in controversy exceeds $75,000; or (2) setting forth facts in its removal petition supporting such a finding. *Lucket*, 171 F.3d at 298.

---

[24] Mem. Ruling [Doc. 45], at 20 (quoting *Hanahan v. John Hancock Life Ins. Co., Inc.*, 518 F.Supp.2d 780, 785 (D.S.C. 2007)).
[25] Mem. Ruling [Doc. 45], at 18-19.

The magistrate judge found that it was facially apparent from the plaintiff's petition that the amount in controversy exceeded $75,000.[26] In so concluding, the judge noted that "[a]lthough past wages due may be negligible, future lost wages, future benefits lost, and attorney fees for the prosecution of this matter place the amount in controversy well above the minimum threshold."[27] However, in his Motion to Remand, Ashford argued that his claim was for less than $75,000.[28]

If a plaintiff contests a defendant's allegation that the amount in controversy exceeds $75,000, "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 554 (2014); *see also Statin v. Deutsche Bank Nat. Trust Co.*, No. 14-20200, 2014 WL 7235168, *2 (5th Cir. Dec. 19, 2014) (remanding to allow parties to submit evidence to determine whether defendants satisfied burden that jurisdictional threshold was satisfied). To properly settle the dispute, this case is remanded to the magistrate judge to determine whether or not the amount in controversy exceeds the jurisdictional threshold after the parties have had the opportunity to submit evidence on this issue.

Lake Charles, Louisiana, this 17 day of April, 2015.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE

---

[26] *Id.* at 19.
[27] *Id.*
[28] Mot. to Remand [Doc. 2], at 4.