U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

FEB 14 2017

TONY R. MOORE  CLERK
BY _____
           DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **MICHAEL ASHFORD** | * | **CIVIL ACTION NO. 2:14 -CV-00992** |
| | * | |
| **VERSUS** | * | |
| | * | **JUDGE TRIMBLE** |
| **AEROFRAME SERVICES LLC** | * | |
| | * | |
| | * | **MAGISTRATE JUDGE KAY** |
| | * | |
| | * | |

**********************************************************************

## ORDER

Before the court is a Motion to Consolidate (Rec. Doc. 87) filed by the defendant, Aviation Technical Services, Inc. (ATS). For the following reasons, the motion is **DENIED IN PART** and **GRANTED IN PART.**

### FACTS & PROCEDURAL HISTORY

ATS moves to consolidate the following civil actions under Federal Rule of Civil Procedure 42(a):

- 2:14-cv-00983, Warner v. Aeroframe Services, LLC
- 2:14-cv-00984, Adams v. Aeroframe Services, LLC
- 2:14-cv-00985, Boring v. Aeroframe Services, LLC
- 2:14-cv-00986, Cleaves v. Aeroframe Services, LLC
- 2:14-cv-00987, Cooley v. Aeroframe Services, LLC
- 2:14-cv-00988, Gallow v. Aeroframe Services, LLC
- 2:14-cv-00989, Decolongon v. Aeroframe Services, LLC
- 2:14-cv-00990, Blanton v. Aeroframe Services, LLC
- 2:14-cv-00991, Rackard v. Aeroframe Services, LLC

1

- 2:14-cv-00992, Ashford v. Aeroframe Services, LLC
- 2:14-cv-02323, Morvant v. Aeroframe Services, LLC
- 2:14-cv-02324, Coley v. Aeroframe Services, LLC
- 2:14-cv-02325, Cogdill v. Aeroframe Services, LLC
- 2:14-cv-02538, Barreda v. Aeroframe Services, LLC[1]

ATS argues that because the court found that the claims brought by the original plaintiffs against Aeroframe Services, LLC (Aeroframe) have been resolved, the only remaining claims involve the same conduct between Aeroframe, Roger Porter, and ATS. ATS also requests that the captions "be amended to reflect…the realignment of the parties." (Rec. Doc. 87 at p. 3).

In his opposition the plaintiff, Michael Ashford, contends that while consolidation of the discovery in the 14 cases would be practical, consolidation for trial purposes would needlessly confuse the jury. (Rec. Doc. 97 at p. 2). Also, in direct contradiction to the Memorandum Ruling (Rec. Doc. 45)[2] which denied his Motion to Remand, Ashford argues that the parties have not been realigned and characterizes ATS's request that a new caption reflect the realignment as "bizarre." (Rec. Doc. 97 at p. 3).

## LAW & ANALYSIS

Under Rule 42, the court may fully or partially consolidate actions that have a common question of law or fact. Fed. R. Civ. P. 42(a). "The power of the district court to consolidate is purely discretionary." *St. Bernard Gen. Hosp., Inc. v. Hosp. Serv. Ass'n of New Orleans, Inc.*, 712 F.2d 978, 989 (5th Cir. 1983) (citing *Chatham Condominium Assns. v. Century Village, Inc.*, 597

---

[1] Since filing the Motion to Remand, three other cases involving ATS and Aeroframe have been removed to this court: 2:16-cv-01378, Neathammer v. Aeroframe Services LLC; 2:16-cv-01397, Jackson v. Aviation Technical Services, Inc.; 2:16-cv-01512, Day v. Aeroframe Services LLC. Because there are pending motions to remand in each of the cases, the court will not include the three cases in the Motion to Consolidate at this time.
[2] The Memorandum Ruling was also affirmed by the district court (Rec. Doc. 76), and the Fifth Circuit declined to hear Ashford's interlocutory appeal (Rec. Doc. 84).

F.2d 1002, 1013–14 (5th Cir.1979)). When considering whether to consolidate a case, the court should consider whether consolidation "would avoid unnecessary costs or delay" and whether consolidation "would prejudice the rights of the parties." *Id.* (citations omitted).

Here, the court finds that consolidating the discovery of the cases would eliminate unnecessary costs and delays because discovery among the cases will be largely duplicative. However, the claims in each case by the original plaintiffs are fact-specific wage claims. Consolidating all of these claims into one trial would be burdensome and confusing for a jury. Therefore, the court will grant the Motion to Consolidate in regard to discovery in the 14 cases, but will deny the Motion to Consolidate in all other respects.

At this time, the court does not find it necessary to re-caption each of the cases. However, Ashford's position on whether the parties are realigned is mistaken. The Memorandum Ruling which denied the motions to remand realigned the parties. (Rec. Doc. 45). The Memorandum Ruling specifically states that Aeroframe has been realigned with Ashford and Porter, and that Aeroframe is a titular defendant only. (Rec. Doc. 45 at p. 19). The Memorandum Ruling explains what this realignment means:

> Ashford, Porter, and Aeroframe (if it chooses to remain in this litigation) are adverse to ATS. Ashford and Porter have no claims against each other and any claim Ashford had against Aeroframe has been compromised. Ashford, et al, have claims against ATS and ATS has a claim against Porter and Aeroframe. Diversity of citizenship exists and exi[s]ted at the time of removal of this litigation to federal court.

(Rec. Doc. 45 at p. 18). In her ruling on Ashford's appeal of this decision, Judge Minaldi specifically upheld the Magistrate Judge's determination that the parties were realigned. (Rec. Doc. 60, modified on other grounds by Rec. Doc. 76). Because the court has already realigned the parties, Ashford's insistence that the parties are not realigned has no basis and is truly bizarre. Accordingly,

**IT IS ORDERED** that ATS's Motion to Consolidate (Rec. Doc. 87) is **GRANTED IN PART** and **DENIED IN PART**. It is granted to the extent that discovery in the 14 cases is consolidated, but denied in all other respects. The parties may begin discovery immediately.

**THUS DONE AND** SIGNED in Alexandria, Louisiana, this 14th day of February, 2017.

_____
JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE