US DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

FEB 14 2017

TONY R. MOORE CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| MICHAEL ASHFORD | * | CIVIL ACTION NO. 2:14-CV-00992 |
| | * | |
| VERSUS | * | |
| | * | JUDGE TRIMBLE |
| AEROFRAME SERVICES LLC | * | |
| | * | |
| | * | MAGISTRATE JUDGE KAY |

**************************************************************************

## MEMORANDUM RULING

Before the court is a Motion for Summary Judgment (Rec.Doc. 85) filed by Michael Ashford and a Motion to Dismiss (Rec. Doc. 88) filed by Aeroframe Services LLC (Aeroframe). Ashford and Aeroframe have also filed Motions for Hearings on their respective motions (Rec. Docs. 101, 102). For the following reasons, all the motions (Rec. Docs. 85, 88, 101, 102) will be **DENIED AS MOOT**.

### I. FACTS & PROCEDURAL HISTORY[1]

On January 26, 2016, the district court affirmed the Magistrate Judge's Memorandum Ruling which denied the motions to remand filed by Ashford, Aeroframe, and Aeroframe's sole member and CEO Roger Porter. (Rec. Doc. 76) affirming, Magistrate Judge's Memorandum Ruling (Rec. Doc. 45). The denial of the motions to remand was predicated on the Cox, Cox, Filo, Camel & Wilson Law Firm (the Cox Law Firm) simultaneous representation of Ashford and Porter and the waiver that the firm relied on to support its concurrent representation. In the Memorandum Ruling, Magistrate Judge Kay stated, "Ashford and Porter have no claims against each other and any claim Ashford had against Aeroframe has been compromised." (Rec. Doc. 45, p. 18). Because the court found that all claims among Ashford, Aeroframe, and Porter had been resolved, as

---

[1] The facts of this case are more fully explained in the Memorandum. Ruling (Rec. Doc. 45).

1

evidenced by the waiver Ashford signed, the parties were realigned. In the realignment, Ashford, Aeroframe, and Porter were all considered plaintiffs with claims against Aviation Technical Services (ATS). Based on the realignment, the court found that it had diversity jurisdiction because the only remaining unresolved claims were claims between Louisiana citizens[2] and a Washington citizen,[3] and the claims were greater than $75,000. By affirming the Magistrate Judge's Memorandum Ruling, the court found that any claims among Ashford, Aeroframe, and Porter were resolved, that the parties were realigned, and that the court had jurisdiction over the remaining claims that involved ATS.

## II. LAW & ANALYSIS

Both the Motion for Summary Judgment and the Motion to Dismiss ignore the findings of the court and appear to be nothing more than an attempt to re-litigate previously decided issues. The Motion for Summary Judgment suggests that Ashford and Aeroframe have not reached a settlement and that the wage claim is ready to be decided by the court. (Rec. Doc. 85). However, the court has already found that the parties resolved the wage claim. (Rec. Doc. 45 at p. 18). The court came to this conclusion based on a waiver signed by Ashford, which allowed the Cox Law Firm to represent both Ashford and the sole member and CEO of Aeroframe in the exact same litigation. In an email explaining the waiver, the Cox Law Firm affirmatively stated that Aeroframe would not defend against the wage claims.(Rec. Doc. 1-4).[4] For the conflict to be waivable and for the waiver to be effective, this statement would need to be true. *See* La. St. Bar Art. 16, Rules of

---

[2] Ashford, Aeroframe, and Porter are all Louisiana citizens.

[3] ATS is incorporated in and has its principal place of business in Washington.

[4] "Aeroframe has retained counsel from Natchitoches who is working cooperatively with us and will not defend against your wage claims."

2

Prof. Conduct Rule 1.7(b).[5] The opposition filed by Aeroframe is better read as a confirmation of this agreement than an actual opposition to the motion. The only "opposition" that Aeroframe had to Ashford's Motion for Summary Judgment was that Aeroframe believed that ATS caused its inability to pay wages and that without an affidavit of costs, attorney fees could not be assessed.(Rec. Doc. 90). This aligns closely with the settlement promised by the Cox Law Firm in the email to its clients.

Why the Cox Law Firm seems intent on putting itself in an ethical noose by continuing to argue that the parties are adverse while also representing Porter and maintaining that Ashford gave

---

[5] Rule 1.7 of Louisiana's Rules of Professional Conduct, which are identical to the Model Rules of Professional Conduct, explains that for a law firm to represent two clients with a current conflict of interest, it must meet four criteria:

> (1) the [law firm must] reasonably believes that [it] will be able to provide competent and diligent representation to each affected client;
>
> (2) the representation is not prohibited by law;
>
> (3) the representation does not involve the assertion of a claim by one client against another client represented by the [law firm] in the same litigation or other proceeding before a tribunal; and
>
> (4) each affected client gives informed consent, confirmed in writing.

If Ashford and Aeroframe are adverse parties, representing the sole member and CEO of Aeroframe in the same matter over which the Cox Law Firm is representing the plaintiff arguably violates 1.7(b)(3), and such a conflict cannot be waived.

Even if the court found that Ashford did not have a claim against Porter and that the Cox Law Firm was representing Porter in his individual capacity only, this conflict would still violate Rule 1.7(b)(1) because Porter very likely would discuss actions he took in his professional capacity with the firm. Also, the Cox Law Firm very likely would need to cross-examine Porter on actions he took in his professional capacity. The reply filed by the Cox Law Firm on behalf of Ashford highlights this blatant conflict of interest. In the reply, the Cox Law Firm attempts to undermine and discredit an affidavit made by its own client, Porter because the affidavit was made in Porter's professional capacity on behalf of Aeroframe. (Rec. Doc. 93 at p. 1). This conflict would lead a reasonable law firm to believe that it could not competently and diligently represent both parties. *See Johnson v. Clark Gin Service, Inc.*, No. 15-3290, 2016 WL 7017267, at *13 (E.D. La. Dec. 1, 2016) (finding a conflict of interest to be non-consentable under Rule 1.7(b)(1) when a law firm attempted to represent both plaintiff-passengers and plaintiff-employees in an action stemming from a train collision). If the conflict violates Rule 1.7(b)(1), it cannot be waived.

Finally, even if the court found that the conflict of representing Porter and Ashford simultaneously could be waived, unless the claims between Ashford and Aeroframe have been resolved, the waiver would be ineffective. If the Cox Law Firm lied about its affirmative statement that Aeroframe would not defend against the claims, the waiver would not have been an informed waiver and would not be effective.

The Magistrate Judge correctly determined that the only reason the Cox Law Firm could represent Ashford and Porter was that all the claims between Ashford and Aeroframe were resolved.

informed consent for that representation is puzzling. The only reasonable conclusion seems to be that the Cox Law Firm is attempting to forum shop, and it wants the court to re-decide issues that were resolved when the firm's motions to remand were denied. The court finds no reason to do so. Because the court previously found that the claims between Ashford and Aeroframe are resolved, the Motion for Summary Judgment is moot and will be denied.

Aeroframe's Motion to Dismiss is an even more blatant attempt of the parties to re-litigate their failed motions to remand. Aeroframe continues to argue that Ashford has an active, unsettled claim against it, and that the claim does not meet the amount in controversy requirement. (Rec. Doc. 88). Ashford responds with an almost identical argument, asking the court to remand the case to state court. (Rec. Doc. 92). These exact arguments were addressed in the Memorandum Ruling denying their motions to remand. While the parties may not be happy with the result, they cannot continuously forum shop with thinly veiled motions to remand. The claims between Ashford and Aeroframe have been resolved. The jurisdiction of this court has been established. The Motion to Dismiss is moot and will be denied.

### III. <u>CONCLUSION</u>

Because the claims between Ashford and Aeroframe have been resolved and the parties have been realigned, the issues argued in Ashford's Motion for Summary Judgment and Aeroframe's Motion to Dismiss were previously addressed by the court. The current motions before the court attempt to re-litigate these decided issues. Accordingly, the Motion for Summary Judgment (Rec. Doc. 85), the Motion to Dismiss (Rec. Doc. 88), and the two Motions for Hearings (Rec. Docs. 101, 102) will all be **DENIED AS MOOT**.

The Court determines that there is no just reason for delay and will direct entry of final judgment under rule 54(b) of the Federal Rules of Civil Procedure.

**THUS DONE AND SIGNED** in Alexandria, Louisiana, this 14th day of February, 2017.

_____
JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE