UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **MICHAEL ASHFORD** | : | **CIVIL ACTION NO. 2:14-cv-0992** |
| **VERSUS** | : | **JUDGE WALTER** |
| **AEROFRAME SERVICES, LLC; ET AL.** | : | **MAGISTRATE JUDGE KAY** |

### REPORT AND RECOMMENDATION

Before the court are Motions for Entry of Remand Order [docs. 213, 214] filed, respectively, by Michael Ashford and Roger Porter, pursuant to the judgment [doc.157] issued by the United States Court of Appeals for the Fifth Circuit on October 26, 2018. ATS opposes the motions. Doc. 227.

The Fifth Circuit disagreed with this court's finding that subject matter jurisdiction existed under 28 U.S.C. § 1332, following realignment of the parties. The court denied the motion for en banc reconsideration filed by defendant Aviation Technical Services, Inc. ("ATS") on December 14, 2018, and issued its judgment, ordering remand of the case, as mandate. *See Ashford v. Aeroframe Svcs., LLC*, No. 17-30142 (5th Cir. Oct. 26, 2018). With the parties' deadline for seeking review in the United States Supreme Court having passed and no motion to stay proceedings filed, Ashford now moves for immediate remand of the case to the Thirteenth Judicial District Court, Evangeline Parish, Louisiana. Doc. 213.

After the Fifth Circuit's mandate was issued, ATS filed a motion for sanctions under Rule 11 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1927, and the court's inherent authority. ATS seeks these sanctions against parties Ashford, Aeroframe, and Roger Porter, as well as their

attorneys. Doc. 159. Since that time, briefing deadlines and a hearing date have been set on the sanctions motion.

As the Fifth Circuit has long recognized, "a district court must possess the authority to impose sanctions irrespective of the existence of subject matter jurisdiction." *Willy v. Coastal Corp.*, 915 F.2d 965, 967 (5th Cir. 1990). Additionally, the mandate rule ordinarily "compels compliance on remand with the dictates of a superior court and forecloses relitigation of issues expressly or impliedly decided by the appellate court" but does not apply in certain exceptional circumstances. *Gene & Gene, LLC v. BioPay, LLC*, 624 F.3d 698, 702 (5th Cir. 2010) (quoting *United States v. Lee*, 358 F.3d 315, 321 (5th Cir. 2004)). The mandate rule is a "specific application of the general doctrine of the law of the case," and so the same exceptions which permit deviation from the law of the case apply: when (i) the evidence on a subsequent trial was substantially different; (ii) intervening controlling authority compels a different result; or (iii) "the decision was clearly erroneous and would work a manifest injustice." *Fuhrman v. Dretke*, 442 F.3d 893, 897 (5th Cir. 2006).

The subject of ATS's sanctions motion is alleged concealment and intentional misrepresentation by various parties and attorneys of Porter's agreement, on his own behalf and that of Aeroframe of which he is the sole owner, to pay the employees' claims against Aeroframe. ATS maintains that a document discovered while the issue of remand was on appeal amounts to a written agreement evidencing settlement of the employees' claims against Aeroframe and that such a settlement rendered the case removable. While the veracity of these allegations has yet to be tested, we do know that, in his concurring opinion providing reasons for remand, Judge Davis was concerned about the lack of a writing when he found remand appropriate. He found remand appropriate "because the record does not contain a sufficient basis to find that Ashford and

Aeroframe are not adverse parties." *Ashford v. Aeroframe Svcs., LLC*, 907 F.3d 385, 388 (5th Cir. 2018) (Davis, J., concurring). He added, "Although our precedent provides that a case can become removable under federal diversity jurisdiction if the plaintiff and the nondiverse defendant enter into an irrevocable settlement agreement, no such agreement was ever produced in this case. Absent such an irrevocable settlement, the nondiverse defendant remains a party to the case." *Id.* (cleaned up).[1] ATS thus argues that the document, uncovered after the appellate court issued its opinion, would have produced a different decision by the panel.

      This court undisputedly retains jurisdiction in order to decide the pending sanctions motion. Additionally, the alleged concealment from ATS and the court of a settlement that disposed of the nondiverse party's claims would render remand based on an assumption that no such settlement existed clearly erroneous and an instance of manifest injustice. Evidence of such a settlement as presented through the sanctions proceedings may also constitute new and substantially different evidence. The court therefore declines to remand any part of the case until it can reach a resolution on the allegations presented through ATS's sanctions motion.

      Accordingly, the Motions for Entry of Remand Order [docs. 213, 214] must be **DENIED**, to be reconsidered only at the completion of this court's resolution of the sanctions issue. The sanctions motion remains pending before the court, and the parties' briefing deadlines should not be impacted by this report and recommendation or any objections lodged thereto.

      Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed

---

[1] Judge Higginson based his majority opinion primarily on the notion that Aeroframe and Ashford could not be construed as aligned at the time suit was filed. However, he acknowledged that a suit could "become removable when the only nondiverse defendant is formally dropped from the suit." *Id.* at 387. He also premised his opinion on the notion that "Ashford's claims remain pending against Aeroframe." *Id.* at 386

factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 27th day of March, 2019.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE