UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **MICHAEL ASHFORD** | : | **CIVIL ACTION NO. 2:14-cv-0992** |
| **VERSUS** | : | **JUDGE DONALD E. WALTER** |
| **AEROFRAME SERVICES, LLC, ET AL.** | : | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM ORDER

Before the court is a Report and Recommendation of the Magistrate Judge recommending that the Motions for Entry of Remand Order filed by plaintiff Michael Ashford ("Ashford") and by third party defendant, Roger A. Porter ("Porter"), be denied. Docs. 213-14, 231. Having conducted an independent (*de novo*) review of the record, including the objections and response filed, the court **DECLINES** to adopt the Report and Recommendation.[1]

---

[1] Contrary to the beliefs of Porter (as evidenced by his Petition for Writ of Mandamus filed in the Fifth Circuit on April 12, 2019, No. 19-30280), this Court did not "decline[] to remand the Lawsuit" or delay in its action regarding the motions to remand. Nor were the Motions to Remand "denied pending a determination" of the motion for sanctions, as alleged by Porter in his Petition for Writ. Magistrate Judge Kay issued a Report and **Recommendation** to this Court. Despite Porter's admission in his Petition for Writ that "the District Judge has not yet ruled on Porter's Remand Motion," he contends that "the District Judge in denying expedited consideration has effectively continued the *de facto* stay of the mandate. . . ." To the contrary, this Court was simply following procedural protocol in allowing the deadlines to file a response to the objections to the pending Report and Recommendation to expire prior to issuing its ruling. Porter filed his Petition for Writ of Mandamus prior to the expiration of these deadlines, which were April 12 and 16, 2019. Docs. 234 and 237.

Ashford and Porter both filed motions for entry of a remand order pursuant to the judgment issued by the United States Court of Appeals for the Fifth Circuit on October 26, 2018. Doc. 157. In that judgment, the Fifth Circuit disagreed with this court's finding that subject matter jurisdiction existed over the suit under 28 U.S.C. § 1332, based on realignment of the parties. The Fifth Circuit denied the motion for en banc reconsideration filed by defendant Aviation Technical Services, Inc. ("ATS") on December 14, 2018, and issued its judgment, ordering remand of the case, as mandate. *See Ashford v. Aeroframe Svcs., LLC*, 907 F.3d 385 (5th Cir. 2018). With the parties' deadline for seeking review in the United States Supreme Court having passed and no motion to stay proceedings filed, Ashford and Porter have now moved for remand of the case to the Thirteenth Judicial District Court, Evangeline Parish, Louisiana. Doc. 213.

After the Fifth Circuit's mandate was issued, ATS filed a motion for sanctions under Rule 11 of the Federal Rules of Civil Procedure against Ashford, Aeroframe, and Porter, as well as their attorneys. Doc. 159. The sanctions motion relates to arguments asserted and representations made in support of Ashford's motion to remand and in subsequent proceedings. Since that time, briefing deadlines and a hearing date have been set on the sanctions motion.

On March 27, 2019, Magistrate Judge Kathleen Kay issued a Report and Recommendation regarding the motions for entry of remand, wherein she "declined to remand any part of the case until [the court] can reach a conclusion on the allegations presented through ATS's sanctions motion." Doc. 231 at 3. This court must disagree with this conclusion and remand the matter to

state court in accordance with the judgment of the Fifth Circuit, except for the pending sanctions issues.[2] Therefore, the court **DECLINES** to adopt the Report and Recommendation. Accordingly;

**IT IS ORDERED** that the Motions for Entry of Remand Order [Docs. 213-214] are **GRANTED** but only with respect to the original claims of Ashford. Those claims are remanded to the Thirteenth Judicial District Court, Evangeline Parish, Louisiana. The sanctions motion remains pending before this court, and the parties' briefing deadlines remain the same.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, on this 17th day of April, 2019.

DONALD E. WALTER
UNITED STATES DISTRICT JUDGE

---

[2] As the Fifth Circuit has recognized, "a district court must possess the authority to impose sanctions irrespective of the existence of subject matter jurisdiction." *Willy v. Coastal Corp.*, 915 F.2d 965, 967 (5th Cir. 1990).